

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00059-CR

Juan Gilberto **CEDILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2025CR010214
Honorable Miguel Najera, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: May 20, 2026

DISMISSED

Appellant pled nolo contendere to aggravated robbery and was sentenced within the terms of a plea bargain. The trial court's Certification of Defendant's Right of Appeal in the record before this court states this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the

prosecutor and agreed to by appellant; therefore, the trial court's certification accurately reflects that appellant's case is a plea bargain case, and appellant does not have a right of appeal. *See id.*

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, [or] (B) after getting the trial court's permission to appeal[.]" *Id.* The clerk's record does not indicate the trial court granted appellant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Accordingly, on March 30, 2026, we notified appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record by April 29, 2026. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

Appellant did not respond to our order. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH